CASE 8—DRAINAGE CASE—SEPT. 30.

# Lancaster, Etc. v. Leaman, Etc.

### APPEAL FROM DAVIESS CIRCUIT COURT.

1. APPEALS—DRAINAGE CASE.—The Court of Appeals has jurisdiction to revise a judgment dismissing an application to establish a drainage ditch under chapter 76 of the Kentucky Statutes.
2. SAME.—When the viewers, under section 2389, Kentucky Statutes, reported that the proposed work would be of public utility or conducive to public health, and the reviewers appointed under section 2391 changed in part the proposed route, the petitioners had a standing in court and were entitled to be heard upon the remonstrances filed by them in the noting of exceptions to the reviewers' report.
3. SAME.—When the viewers have reported that the proposed ditch would be of public benefit the court has jurisdiction to determine the facts, although the reviewers might report that it was not a public benefit.

R. G. HILL FOR APPELLANTS.

1. An appeal lies from a judgment under the drainage act of July 10, 1893, to any party aggrieved. Ky. Stats., sec. 2389; 19 Ky. Law Rep., 81; Ky. Stats., secs. 2394, 2395, 2397, 2396, 978; 18 Ky. Law Rep., 399; 11 Bush, 691; 78 Ky., 97.
2. Where the drainage act provides a mode of procedure it must be followed, and where it fails to provide, the Code of Practice governs so far as applicable. Ky. Stats., sec. 2397; Burns' Annotated Revised Stat. of Ind., vol. 2, p. 16; 82 Ind., 118.
3. The viewers, and not the reviewers, must be recalled to make a final report, if the reviewers approve their report. Ky. Stats., sec. 2395.
4. The county judge has no power to recall the reviewers to make a final report where they have reported against the viewers' report and the petition dismissed. Ky. Stats., secs. 2392, 2393, 2395.
5. The reviewers are restricted to the complaints pointed out by the remonstrators. Ky. Stats., sec. 2391.
6. If the reviewers make new parties to their report, such new parties have the right to remonstrance and a review. Ky. Stats., ecs. 2392, 2394, 2388; 124 Ind., 22.

MILLER & DODD FOR THE APPELLEES.

The points discussed are:

1. The provisions of the drainage act of July 10, 1893.

2. The effect under said act of the report of viewers reporting that the proposed work will not be of public benefit or utility.

3. The effect of the report of reviewers reporting against the proposed work and that it will not be of public benefit or utility, the viewers having reported in favor of the work.

4. The power and duty of the reviewers.

5. The right of a petitioner to appeal to the circuit court from a final order or judgment of the county court and the extent of such right.

6. The effect of a direction contained in the final order or judgment of the county court dismissing the petition of the petitioners where reviewers have reported against the proposed work, directing the reviewers to ascertain and report an apportionment of the costs of the proceedings, &c.

Citations: The drainage act of July 10, 1893; Ky. Stats., secs. 2380 to 2412; Duke v. O'Bryan, 100 Ky., 710.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Article 8, ch. 76, Kentucky Statutes, provides a system for the drainage of lands, when the same will be conducive to the public health, convenience, or welfare, or when the same shall be of public or private benefit or utility. It may be here added that this court, in Duke, &c. v. O'Bryan, &c., 100 Ky., 710, [39 S. W., 444], held the act in violation of the Constitution, in so far as it attempts the authorized drainage or construction because of private benefit solely. The appellants, Miles Lancaster and others, landowners, whose lands would be liable for part of the expense of the proposed ditch, by petition asked the court to appoint viewers, which was done. The viewers met as required by law, surveyed and located the line of the proposed ditch as contemplated by the petition, and filed their report, in which they stated that the construction of the ditch would be conducive to the public health and would be a public benefit. The ditch which they recommended to be constructed was to begin at a point on John Brown's

farm, near his southern line; thence a southerly course through the lands of several parties until it reached station 79, Miles Lancaster's line; thence through Miles Lancaster's land and along the south side of the People's road to Katy Meadow's ditch; thence down her ditch to Rodes creek; thence down Rodes creek to Green river. A remonstrance was filed by Leaman to the report of the viewers, in which it is represented that instead of the ditch being built on Miles Lancaster's land, along the People's road, it should be located from station 79 along a slough in Miles Lancaster's land to Katy Meadows, and which remonstrance gives the reasons for thus locating the ditch, and asked the court to appoint reviewers. As authorized by the act, the court appointed reviewers. They reported to locate the ditch according to the report of the viewers would not be conducive to the public health and be of public benefit, but that it would be conducive to the public health and be of public benefit, etc., if it was located from the beginning point as described in the viewers' report to station 79, the line of Miles Lancaster; thence a southerly course through a slough in Miles Lancaster's land to Katy Meadows' ditch. In other words, they thought the line should be changed from station 79 to Katy Meadows' ditch, in accordance with the statements in the remonstrance. After the reviewers made their report, Lancaster offered to file a remonstrance against it, and the county court refused to permit it to be filed. The court adjudged that, as the reviewers reported that the construction of the ditch "in accordance with the viewers' report would not be of public benefit or utility," the application should be dismissed. The court was evidently under the impression that as the review-

ers changed the location of the proposed ditch from sta
tion 79 to its terminus, and reported that the location of
the ditch where the viewers said it should be located would
not be conducive to the public health and be of public
benefit, therefore the petition and application should be
dismissed.

Section 2391, Kentucky Statutes, reads as follows:
"Such reviewers shall meet at the time and place men-
tioned in the order issued to them by the clerk, and pro-
ceed to review the action and report of the viewers, as
well as the entire premises through which the proposed
work extends, and shall be vested with all powers granted
to the viewers originally, except that if they find the pro-
posed work of public or private benefit or utility, they
shall not change the line of the ditch, as located by the
viewers, at any other place or places than those com-
plained of in the remonstrance, and then only far enough
to do justice to the party remonstrating. . . ."

The power is conferred upon the reviewers to review the
action and report of the viewers, as well as the entire prem-
ises through which the proposed work extends. If they find
the work to be of public benefit, they may change the line
of the ditch, as located by the viewers, at the place or places
complained of "in the remonstrance, and then only far
enough to do justice to the party remonstrating." The
report of the reviewers agreed with that of the viewers
as to the necessity of draining the lands through which
the proposed ditch was to extend. They agreed with the
viewers that it was a public benefit to have the ditch run-
ning from the beginning point on the lands of John
Brown to Katy Meadows' ditch, differing only as to where
it should be located through the lands of Miles Lancaster.

Under section 2389, Kentucky Statutes, if the viewers re-

port against a proposed ditch, then it is the duty of the court to dismiss the petition. The statute in this respect is mandatory, but section 2394 reads as follows: "Upon the filing of the report of the reviewers, the court shall, if such report is made in accordance with the provisions of this act, establish the same as described in the report of the viewers, as the same is sustained, corrected or changed in the report of the reviewers."

The reviewers had the right to make the change in the location in accordance with the remonstrance. Therefore it was a compliance with the provisions of the act. When this is the case, under that section, it is made the duty of the court to establish the ditch as described in the report of the viewers, as the same is *sustained, corrected or changed in the report of the reviewers.* The report of the reviewers sustained the report of the viewers as to the location of the ditch from the beginning point to station 79, and changed the report of the viewers from that station to the terminus of the line in accordance with the remonstrance.

We are of the opinion that both the viewers and reviewers report that the ditch from the beginning point on John Brown's land to Katy Meadows' ditch was of public benefit. This being the case, the petitioners had a standing in court; and we are of the opinion that the court should have permitted the remonstrance to be filed to the report of the reviewers and heard and adjudged the question raised by it, as well as on the whole case. The remonstrance to the reviewers' report was simply in the nature of an exception to it, and raised a question for the court to determine. When the viewers had reported that the proposed ditch was not a public benefit, the court seemed to be without power to proceed further in the

matter. However, when they reported that the construction of it would be of public benefit, then the proceedings must be had as we have indicated; and, although the reviewers might report that it was not of public benefit, still the question must be tried by the court, and by it adjudged whether or not the ditch should be constructed, etc. Whilst the language of section 2394 would seem to be imperative, requiring the court to adjudge that the ditch should be constructed when the facts are made to appear as therein stated, yet, if read in connection with section 2396, authorizing appeals, it is perfectly manifest that the court, regardless of the reports of the viewers and reviewers in favor of the proposed ditch, has the right to disregard them, if the facts justify it, and dismiss the application. We are of the opinion that, after the reviewers had reported in favor of the proposed ditch as contemplated by the statute, the case must proceed as required by it, and the court ultimately determine whether or not the ditch should be constructed. It is manifest that the right of appeal exists in the parties as prescribed by section 2396.

The circuit court seems to have taken the same view of the law as did the county court, and, from the conclusion we have reached, the court was in error.

The judgment is reversed for proceedings consistent with this opinion.